**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE DALIE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **J. JONES, ET AL.** | : | |
| **Defendants.** | : | **No. 04-5884** |

**MEMORANDUM AND ORDER**

PRATTER, J. DECEMBER 4, 2007

This is an action brought by an inmate pursuant to 42 U.S.C. § 1983 concerning allegations of use of excessive force and denial of due process by prison officials. At all times relevant to the events described in the Complaint in this action, George Dalie was confined as a pretrial detainee at Chester County Prison in Pennsylvania. In December 2004, Mr. Dalie initiated this action against certain correctional officers at Chester County Prison related to an event that occurred on July 28, 2004.[1]

**JURISDICTION**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Dalie alleges that on July 28, 2004 he hung a bed sheet over half of the bars of his cell in order to create some privacy while he used the toilet in his cell. (Compl., Statement of

[1] Mr. Dalie named as defendants the following individuals: Correctional Officer Joseph Jones, Correctional Officer Hollis Goodwin, Correctional Officer Kevin Schiable, Correctional Officer Lieutenant R. Cochlin, Correctional Officer Lieutenant John McMillan, Correctional Officer Lieutenant Captain P. Walker, Correctional Officer Lieutenant P. Sanders, Correctional Officer Captain Taylor, Counselor Broomal, and Deputy Warden Ramon Rustin.

Claim ¶ 5.) He claims that certain of the defendants removed the bed sheet and laughed at him in the view of the entire cell block. (Compl., Statement of Claim ¶ 7.) Mr. Dalie alleges that when he approached the officer control room to question the officers and complain, Officer Jones kicked and punched him. (Compl., Statement of Claim ¶¶ 9-10.) He claims that Officer Jones attempted to push him to the ground, at which point Officer Goodwin hit him in the back of the head with thick, large, brass keys. (Compl., Statement of Claim ¶ 11.) Mr. Dalie claims that Officer Jones continued to punch him while Officer Goodwin continued to hit him in the head with the keys, kick him and step on his head with his boots. (Compl., Statement of Claim ¶¶ 12-13.) Mr. Dalie alleges that while Officers Goodwin and Jones assaulted him, Officer Schiable was in the control room, where he saw the entire incident, and failed to intervene to assist Mr. Dalie. (Compl., Statement of Claim ¶ 14.)

Mr. Dalie claims that he suffered cuts and bruises to his head, a swollen face, "busted" lip and welts. (Compl., Statement of Claim ¶ 17.) He claims he received medical treatment for his injuries. (Compl., Statement of Claim ¶ 38.) According to Mr. Dalie, Correctional Officers Goodwin and Jones applied excessive force, which he claims violated his due process rights under the Fourteenth Amendment. Furthermore, he claims that Correctional Officer Schiable failed to intervene and stop the altercation, also in violation of his Fourteenth Amendment rights.

Second, Mr. Dalie claims that following the incident he was sent to punitive isolation prior to his disciplinary hearing, and was "punished" prior to a determination of guilt in violation of his Fourteenth Amendment rights. (Compl., Statement of Claim ¶ 18.)

Third, Mr. Dalie alleges that the disciplinary proceedings that occurred as a result of the July 28 altercation violated his due process rights under the Fourteenth Amendment. Mr. Dalie

alleges that Officer Jones issued a "fabricated" misconduct report charging him with certain offenses related to the incident in order to disguise Officer Jones's own misconduct. (Compl., Statement of Claim ¶¶ 19, 20, 29.) Mr. Dalie claims that at the misconduct hearing, which was presided over by defendants Broomal, McMillan and Cochlin, he was found guilty. (Compl., Statement of Claim ¶ 22.) Mr. Dalie claims that Officer Saunders' approval of Officer Jones's allegedly fabricated misconduct report, defendants Broomal's, McMillan's and Cochlin's finding Mr. Dalie guilty based on Officer Jones's allegedly fabricated misconduct report, defendants Walker's and Rustin's refusal to overturn the results of the disciplinary proceeding, and defendant Taylor's refusal to "objectively investigate" Mr. Dalie's claim that he was assaulted by Officers Jones and Goodwin, each violated his rights under the Fourteenth Amendment. (Compl., Statement of Claim ¶¶ 29-32.)

In January 2005, the Defendants moved to dismiss this action. Mr. Dalie opposed the defense motion. By Order dated March 19, 2005, the Court granted the Defendants' motion in part. Because Mr. Dalie was a pretrial detainee, the Court granted the motion to the extent that Mr. Dalie's claims alleged violations of the Eighth Amendment to the U.S. Constitution.[2] The Court denied the motion to the extent that Mr. Dalie's claims alleged violations of his Fourteenth Amendment rights.

The Court instructed the Defendants to answer Mr. Dalie's Complaint, and instructed the Clerk of the Court to appoint counsel for Mr. Dalie. However, for various reasons the Clerk was

---

[2] Because Mr. Dalie is a pretrial detainee and may not, as such, be "punished," his Eighth Amendment rights are not implicated in this case. See Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979); Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). Accordingly, his Eighth Amendment claims were dismissed.

unable to secure counsel for Mr. Dalie, and Mr. Dalie subsequently informed the Court that he wished to proceed pro se. The Court issued a Scheduling Order that permitted the parties to engage in discovery, and set due dates for certain pretrial submissions. After the discovery period concluded, Defendants moved for summary judgment on the remainder of Mr. Dalie's claims. Mr. Dalie has not responded to Defendants' motion.[3]

**LEGAL STANDARD**

A motion for summary judgment should not be presented to the Court without demonstrating professional efforts to meet the standards for such a motion. The standards are familiar. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing

---

[3] On November 9, 2007, the Clerk of the Court received a letter from Mr. Dalie notifying the Court that he has been moving around the Pennsylvania prison system, and does not currently possess his legal documents related to this lawsuit. Accordingly, Mr. Dalie requested additional time in which to respond to Defendants' motion. The Court notes that Mr. Dalie's request was docketed under Civil Action No. 07-2097, which is another action pending before the Court initiated by Mr. Dalie, in which there is a motion to dismiss pending. However, Mr. Dalie's letter clearly references both Civil Action No. 07-2097 and the above-captioned action, and the Court understands Mr. Dalie to be requesting additional time to respond to the motions that are currently pending in both actions. For the reasons discussed in this Memorandum it will not be necessary for Mr. Dalie to respond to the summary judgment motion in this action.

the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

**DISCUSSION**

In its March 19, 2005 Order granting in part Defendants' motion to dismiss, the Court noted that Defendants' motion "was less than rudimentary and strayed from the rubric of a motion to dismiss" under the Federal Rules of Civil Procedure. That motion set forth a factual scenario at odds with that set forth in the Complaint, and only included a single reference to case law, without providing any recognizable conventional citation. However, as discussed above,[4] despite the shortcomings in Defendants' motion, the interests of justice compelled the Court to dismiss Mr. Dalie's Eighth Amendment claims at that time.

After being admonished by the Court for submitting a significantly sub-par motion, one

[4] See supra note 2 and supporting text.

might have expected the Defendants to devote the requisite effort to present a comprehensible, organized, adequately-researched, and reasoned motion for summary judgment if they determined to continue with pretrial motion practice. They did not.

The motion for summary judgment is woefully deficient. It contains two paltry arguments that, Defendants claim, warrant granting summary judgment in their favor with respect to all of Mr. Dalie's claims.

First, Defendants argue that Mr. Dalie's excessive force claim must be dismissed, citing one case. Without providing any legal analysis to support their argument, the Defendants summarily conclude that "[t]he facts show that there is no factual dispute that Plaintiff was not subjected to excessive force and only reasonable force was used as necessary to subdue his aggressive behavior." (Def. Mot. Summ. J. at 3.)

Next, Defendants argue that Mr. Dalie's due process claims must be dismissed. Again, without providing any actual legal analysis, Defendants merely state that Mr. Dalie has "alleged no liberty interest triggering Constitutional protection and no retaliation."[5] The text of Defendants' "legal arguments" consists of approximately 130 words. In this instance, brevity is not a virtue.

At the summary judgment phase, the moving party's initial obligation is to inform the Court of the basis for its motion and identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 322. In this case, the "record" entirely consists of four affidavits submitted by Correctional Officers

---

[5] Notably, Defendants did not argue that they are entitled to qualified immunity with respect to any or all of Mr. Dalie's claims.

Goodwin, Schaible, Jones and McMillan, respectively. The affidavits submitted by Officers Goodwin, Schaible, and Jones – the three officers who are alleged to have participated in, or witnessed, the alleged altercation with Mr. Dalie – are essentially verbatim echoes of each other. In other words, according to Defendants, Officers Goodwin, Schaible, and Jones have exactly the same recollection of the altercation, use identical language to describe their recollections of the altercation, and formed the same opinion of their use of force under the circumstances. None of the Defendants endeavored to describe the altercation with Mr. Dalie in any detail, or to describe their conduct under the circumstances with any precision.

Notwithstanding Mr. Dalie's allegations that Officers Goodwin and Jones kicked him, punched him, beat him while he was on the ground, and hit him with brass keys, and that Officer Schaible watched the other officers beat Mr. Dalie but failed to intervene,[6] these Defendants' affidavits attempt to rebut Mr. Dalie's allegations merely by stating that the officers used "reasonable force . . . to subdue" Mr. Dalie, and that "[a]t no time was any unnecessary force used" by any of the Defendants during this altercation. (H. Goodwin Aff., J. Jones Aff., K. Schaible Aff. ¶¶ 6-7.) Despite the Defendants' expected opinions that the force they used was "reasonable" and was not "unnecessary," where a plaintiff alleges actual injury inflicted by a corrections officer during the course of an altercation with corrections officers, "and supports his

[6] The Third Circuit Court of Appeals has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002); see Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000) (holding that Eighth Amendment's cruel and unusual punishment standards apply to a pretrial detainee's excessive force claim arising in the context of a prison disturbance). It is not inconceivable that the same non-intervention can form the basis of actionable claims under other constitutional provisions.

allegation with specific facts so that it cannot be said as a matter of law that the use of force was objectively reasonable, the issue of whether excessive force was employed must be left to the trier of fact." Kopec v. Tate, 361 F.3d 772, 778 n.7 (3d Cir. 2004).[7] Defendants' affidavits have served merely to highlight for the Court that issues of fact remain that preclude granting summary judgment in Defendants' favor with respect to Mr. Dalie's excessive force claim.

With respect to the Defendants' arguments that Mr. Dalie's due process claims also must fail, the Defendants have attempted to satisfy their summary judgment burden by offering only the conclusory statement that "there are no facts" that support Mr. Dalie's due process claims. (Def. Mot. Summ. J. at 3.) However, the Court finds that the Defendants have failed to meet their initial burden of showing the absence of a genuine issue of material fact. Quite simply, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." Celotex Corp., 477 U.S. at 328 (White, J., concurring). Accordingly, Defendants' motion will be denied with respect

---

[7] The "pivotal inquiry" in examining an inmate's excessive force claim under § 1983 is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002). The Supreme Court articulated the following factors to guide this inquiry, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." Whitley v. Albers, 475 U.S. 312, 321 (1986).

Although Defendants did recite these factors, they made no effort to walk the Court through the analysis needed to establish that their conduct did not constitute excessive force, or that Mr. Dalie has failed to establish the absence of a genuine issue of material fact. Plaintiff's Complaint includes allegations of a possibly brutal beating at the hands of prison corrections officers. Because summary judgment in favor of a defendant is not appropriate if "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," the Court is obligated to deny the defense motion. Whitley, 475 U.S. at 322; see Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

to Mr. Dalie's due process claims as well. It will not be necessary for Mr. Dalie to respond to the motion because the motion did not meet the required standards in any respect.

**CONCLUSION**

For the reasons provided above, Defendants' Motion for Summary Judgment will be denied. An Order consistent with this Memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEORGE DALIE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **J. JONES, ET AL.** | : | |
| **Defendants.** | : | **No. 04-5884** |

**O R D E R**

**AND NOW**, this 4th day of December, 2007, upon consideration of the Defendants' Motion for Summary Judgment (Docket No. 31), to which no response has been filed and no response will be required, it is **ORDERED** that the Motion (Docket No. 31) is **DENIED**.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE